UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UMPQUA BANK,<br><br>          Plaintiff,<br><br>   v.<br><br>ROBERT NEHRING, et al.,<br><br>          Defendants. | C14-879 TSZ<br><br>ORDER |

      THIS MATTER comes before the Court on plaintiff Umpqua Bank's renewed motion, docket no. 37, for default judgment against *in personam* defendant Robert Nehring.  Plaintiff was previously granted partial default judgment, docket no. 19, pursuant to which the Preferred Mortgage on *in rem* defendant M/Y FANTA SEAS, Official No. 1166172, was foreclosed and the vessel was ordered to be sold at public auction.  At the time such partial default judgment was entered, the amount remaining due on the Promissory Note underlying the Preferred Mortgage at issue was $120,417.27, inclusive of interest as of December 9, 2014.  The vessel was purchased at public auction by a third party for $20,250.  *See* Process Receipt and Return (docket no. 20).  Plaintiff previously moved for default judgment against Nehring, seeking to use the net amount of

ORDER - 1

1   the auction proceeds ($19,911.84) in calculating the deficiency owed by Nehring.  The

2   Court denied the earlier motion because the record did not provide a basis for the Court to

3   confirm the public sale.  <u>See</u> Minute Order (docket no. 36).

4        In connection with the renewed motion for default judgment now before the Court,

5   plaintiff has submitted a Marine Survey Report dated February 10, 2015, indicating that

6   the fair market value of the M/Y FANTA SEAS in its then current condition was between

7   $40,000 and $50,000.  <u>See</u> Ex. A to Glowney Decl. (docket no. 38-1).  Plaintiff proposes,

8   and the Court agrees, to use the midpoint of this range ($45,000) in calculating the

9   deficiency owed by Nehring.  Plaintiff, however, has computed the deficiency by

10  beginning with a different balance (i) than was stated in the partial default judgment

11  pursuant to which the M/Y FANTA SEAS was sold, and (ii) that is based in part on fees

12  and charges for which no documentary support has been provided.  <u>See</u> Ex. C to Nichols

13  Decl. (docket no. 34).[1]  The Court is not persuaded that plaintiff has accurately recited the

14  deficiency owed by Nehring.

15       The Court calculates the amount of the deficiency by subtracting from the amount

16  remaining due at the time the Preferred Mortgage was foreclosed ($120,417.27) the

17  estimated fair market value of the vessel at the time of its sale ($45,000), and adding the

18  fees and costs associated with the public auction ($3,523.13), <u>see</u> Minute Order at 1 n.1

19  (docket no. 26).  Plaintiff will be awarded $78,940.40, together with attorney's fees in the

---

[1] Moreover, the total stated in Paragraph 9 of Nichols's declaration does not match the total shown in Exhibit C of Nichols's declaration, and the amount listed in Exhibit C for moorage expenses ($11,258) is substantially more than the amount disclosed to the Court ($1,458) in connection with plaintiff's motion for disbursement of the net proceeds of the auction.

ORDER - 2

amount of $20,595.00 and costs to be taxed in the manner set forth in Local Civil Rule 54(d). Interest shall accrue at the annual rate set forth in 28 U.S.C. § 1961 from the date on which plaintiff's renewed motion for default judgment was filed, March 4, 2016, until paid in full. The Clerk is DIRECTED to enter default judgment consistent with this Order in favor of plaintiff and against Nehring, to send a copy of this Order to all counsel of record, as well as to Robert Nehring at 4727 136th Place SW, Edmonds, Washington 98026, and to close this case.

    IT IS SO ORDERED.

    Dated this 6th day of April, 2016.

*/s/ Thomas S. Zilly*
Thomas S. Zilly
United States District Judge

ORDER - 3